UNITED STATES of America

v.

Gary Lee SAMPSON

No. CR. 01–10384–MLW.

United States District Court,
D. Massachusetts.

Sept. 11, 2003.

David A. Ruhnke, Ruhnke & Barrett, Montclair, NJ, Robert L. Sheketoff, Attorney At Law, Boston, MA, for Defendant.

Anthony E. Fuller, Jonathan M. Albano, Bingham McCutchen LLP, Boston, MA, for Interested Party.

### ORDER

WOLF, District Judge.

Attached, in part pursuant to 18 U.S.C. § 3432, is a list of potential jurors (the "venireman") in this case and their "places of abode," which the court has construed to mean their home addresses. *See, e.g.,*

*Gregory v. United States,* 369 F.2d 185, 187–88 (D.C.Cir.1966); *United States v. Aiken,* 76 F.Supp.2d 1339, 1344 (S.D.Fla. 1999). Section 11 of this District Court's Plan for Random Selection of Jurors (As Revised November 2000) (the "Plan") ordinarily prohibits disclosure of the names of the venireman before they appear in response to a summons. However, where, as here, the case is a capital case, absent exceptional circumstances that do not exist in this matter, 18 U.S.C. § 3432 requires disclosure to the defendant of the names of the venireman and their places of abode at least three entire days before the commencement of trial, which is scheduled to begin on September 18, 2003. As discussed on September 9, 2003, without objection from defendant Gary Sampson, the same information is now also being disclosed to the government.

■ Section 11 of the Plan also provides that a judge of this Court may order that the names of potential jurors remain confidential after they appear "if the interests of justice so require." While the process of jury selection is presumptively public, there may be compelling reasons that justify protecting the confidentiality of certain personal information concerning a potential juror. *See Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 511–13, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984). "[A] valid privacy right may rise to a level that part of the transcript [of the voir dire] should be sealed, or the name of a juror withheld, to protect the person from embarrassment." *Id.* at 512, 104 S.Ct. 819.

■ Because this is a capital case, the court will be utilizing a lengthy, written juror questionnaire. It will require the disclosure of detailed personal information that potential jurors may reasonably consider sensitive or embarrassing and,

therefore, be reluctant to reveal. This information will be important, however, to empaneling a fair and impartial jury. In order to strike the proper balance between the parties' need for information, the public's right to know about judicial proceedings, and a potential juror's interest in privacy, it is possible that the court will decide to withhold the name of one or more potential jurors. Therefore, it is hereby ORDERED that: (1) this Order, including the attached list, is SEALED; (2) the list may be disclosed only to the parties, their counsel, and those working with them; and (3) the list may be used by them solely for the purpose of selecting a jury in this case.■

■ The court also intends to seal, at least temporarily, the completed juror questionnaires in order to determine whether redactions of certain answers and/or the names of certain potential jurors are required to obtain the complete and candid responses that are essential to empaneling a fair and impartial jury in this case. In essence, it is the court's present intention to employ a process similar to that utilized in *Application of the Washington Post,* 1992 WL 233354 (D.D.C. July 23, 1992). More specifically, the court intends to:

1. Make public a blank copy of the juror questionnaire on September 19, 2003, after the last group of venireman have completed it.

2. Inform the potential jurors that their answers will be disclosed initially only to the parties, their counsel and those working with them, and to the court and its staff; they will not be made part of the public record unless and until this court, or another court, orders their release.

3. Inform the potential jurors that they may state on the questionnaire that they would like certain of their responses to be kept confidential or that they would prefer to respond to private, oral questioning on an issue rather than in writing.

4. Inform the potential jurors that after the questionnaires are reviewed, there will be individual, oral questioning of some of the venire. Much of that questioning will be in public. However, if requested, or on its own initiative, the court will consider excluding the public from any questioning about sensitive, potentially embarrassing matters. The court will also remove from any questionnaires that are made part of the public record responses that relate to any confidential questioning.